O'Reilly on behalf of the defendant appellant Harry Blake. The argument in this case is that after trial my client was acquitted of six counts, however he was convicted of count one in the indictment which was a heroin conspiracy. The other six charges related to a murder that took place in the city of Bridgeport, he was acquitted of all of those charges. At the sentencing we requested the court, the district court to give us a two-level reduction for acceptance of responsibility because at the beginning of the trial in the opening statement, and at other places as well, but at the opening statement we conceded the defendant's guilt on the heroin conspiracy and only contested the murder trials. And then secondly in the closing argument we again conceded the government's case in the closing argument. My client admitted to the conduct in the pre-sentence interview and then also admitted to it in his statement to the court at sentencing. And I would point out that... Why didn't you plead guilty to the heroin conspiracy? Because your honor, the heroin conspiracy is intertwined with the murder case and that by pleading guilty to the heroin conspiracy we still would have been in the position of having to defend the But we would have been left with the guideline calculation as it is. And so essentially the argument is we went to trial because of our client's due process rights on the murder conviction and that by going to trial on the heroin conspiracy it demonstrated the weakness of the government's case. And so it essentially boosted our ability to defend the client. And that's why we felt compelled to do it. However, we conceded it at the very first moment. And so it was a tactical decision to improve your possibilities of an acquittal on the murder trial counts, the murder counts. And it worked. Yes, but only to the effect your honor that it strengthened our client's due process rights on the remaining counts. His constitutional right to go to trial was strengthened by the ability to concede the government's case. The government, if you look at applications... You conceded the government's case but the government was forced to prove the case, correct? The government, no, they weren't forced to prove the case because we didn't deny it. And I have two points on that. If you look at application note two to the guideline 3E1.1, it states that it's not intended to apply... Well, that's not the case. I read your opening statement. You talked about the fact that the government's proof is going to be different. You didn't say our guy enters the plea is guilty now or that he is guilty. You just said you acknowledge that he was responsible, but you then use that to show how much better the government's... You put the government to its proof. You specifically said that in your opening statement. Yeah. And it says we don't contest that the opening statement states that we don't contest that the defendant was in fact involved in the heroin conspiracy as charged in the indictment. And then it goes on to say that he is in fact guilty of the charge. But you did indicate that the government would be put to its proof. Now, if the government had failed in its proof, I suspect, would you have been bound by what you said or could you have moved to dismiss the indictment? What if the government's proof had been... Well, it would have been acquitted if they failed to meet the burden. The charge was submitted to the jury, was it not? Yes, it was, Your Honor. Was the jury charged on the elements of the drug conspiracy? Yes. Were they instructed that they had to find guilty by beyond a reasonable doubt? Yes, Your Honor. You didn't concede that there was proof beyond a reasonable doubt, did you? No. I think we... You put the government to its proof. I'm not finding fault with you. I think it was a hellaciously good strategy the way you opened. I thought it was... Kudos to you. But the question is, what does it mean in terms of the sentencing? I understand. And this is a little bit... I haven't seen something like this from time. I think you did a great job for the guy. But he was acquitted of the murder. Right. But the fact is, is that you did put the government to its proof. And quite frankly, your client benefited from putting the government to its proof. But it says... The application note says it puts the government to its burden of proof by denying the essential factual elements of guilt. And we did not do that. We admitted the essential facts because we said that we're not contesting them and that he's in fact guilty of it. And so, you know, our position is that the defendant was in an untenable position here due to the nature of the juxtaposition of the charges on count one, which was the drug conspiracy, which by the way, the government would have had to put on the evidence of the drug conspiracy anyway to show the relationship between the various individuals that were involved in proving their case for the murder. So the idea that they would not have been subject to or they were put into an undue burden by that is just not the case because they would have had to present the evidence of the drug conspiracy. So I don't think they were prejudiced by the fact that he went to trial on that count. And I think if he had pled guilty, and here's the issue, Your Honor, if he had pled guilty to count one, then we would have, you know, been in a position of or not have having had as strong a position in defending the trial on the murder, on the murder counts. And so therefore, it would have weakened his due process rights if he had pled guilty to the drug conspiracy. And so he was asked, you know, if you ever contest, you contested the heroin, even at sentencing, correct? We contested the quantity, Your Honor, but also, but does that demonstrate non frivolous? How does that demonstrate responsibility? Well, I think I don't have the citation here. But under the application note, under the application notes in the guidelines, Your Honor, it talks about non frivolous contesting of quantity would not be seen as a rejection of acceptance of responsibility. I don't have that citation here, but it's in the application notes. But given that, given that your client's responsibility until the start of the trial, at the earliest, what difference does it make if his situation resembles the example in application note two? I'm sorry, I don't understand, Your Honor. Well, you discussed the example in application two of the defendant who goes to trial to preserve a legal issue, but still shows acceptance of responsibility. And you argue, as you just did very well, that this example shouldn't be read to exclude a defendant like your client from receiving acceptance of responsibility credit. But given that your client didn't accept responsibility until the start of the trial, at the earliest, what does it matter if this situation seems to resemble this example or not? Have we ever, you cite a case where a defendant who went into trial wasn't entitled to a two point acceptance of responsibility credit? No, I agree, Your Honor. I could not find a case. But I would say this. This case began as a drug conspiracy case. And it stayed in that posture for about 10 months before he was indicted on the murder. And that we would have, without the cloud of the potential murder charge hanging over us, he probably would have resolved this case by way of a plea, because that's what we did at the opening statement. And so it's, you know, so then when he once he was indicted on the murder, which we knew for months, that was a potential that was coming, that froze any plea negotiations, there wasn't an ability to accept responsibility at that point. And then once, once the murder indictment came, we were in that untenable position of having to go go to trial on the murder, but having pled guilty on the drug conspiracy. And so we handled it the best way we could by conceding it at the opening, in the opening statement and at other points during the trial. And, and, Your Honor, that, I'm sorry, it looks like Trina saw it for a second. But, you know, I lost my train of thought. I apologize. You'll have three minutes for rebuttal. Thank you. We'll hear from your adversary. Francis O'Reilly. That was, I'm the defense attorney, Your Honor. Yeah, it's Gordon Hall is the prosecutor. That's the three minutes for rebuttal. I'm sorry. It's been a long day. Mr. Hall there. Mr. Hall, I'm sorry, I lost my train of thought.  Mr. Hall. I'm sorry, Your Honors. I had the thing muted. I've been talking to you since Mr. O'Reilly completed his argument. My, it's a good thing it was muted for the past few hours, actually. But my name is Gordon Hall, and I'm an assistant U.S. attorney. I'll be brief. U.S. attorney, assistant U.S. attorney in Connecticut, and I am counsel for the government on appeal. And I was one of two assistant U.S. attorneys who tried Mr. Blake in the district court. Your Honor, as you all understand, the defendant's appeal is from Judge Arnerton's denial of a two-level reduction for acceptance of responsibility. The factual basis for Mr. Blake's claim for acceptance of responsibility relies on basically four legs. Two of them have to do with activity of his attorneys at trial. In the opening, as Mr. O'Reilly's told you, he indicated to the jury, or Mr. Sheehan may have indicated to the jury, I think, we don't contest the government's proof that he was involved. And then we expect proof beyond a reasonable doubt. And then at the conclusion of the proceedings, Mr. O'Reilly indicated that they conceded the involvement of the defendant in count one. This does not equate with acceptance of responsibility, as your honors have divined. And I want to make sure that you understand, judges, I don't criticize or take anything away from Mr. O'Reilly and Mr. Sheehan for what they did. I think, as you indicated, it was a tactical move to say those things at opening and closing. And I think the purpose of it was well thought out, and I think it worked. I think they did a robbery murder that his client was also charged with. But the fact of the matter is, these are not, these cannot be equated with acceptance of responsibility because they leave open, first of all, the idea of telling the jury that they don't contest their client's guilt on count one, and then put the government to its proof, because that is what they did. We had to put on all of the proof of count one under the and actually doing another, because once we started to put our evidence on, it is not as though they let it come in. They cross-examined both cooperating witnesses extremely vigorously on a number of different topics, most relating, at least as far as Mr. Roseborough was concerned, one of the two cooperating witnesses, with the drug conspiracy. So there's, in no way did they not contest it, even though they told the jury that that's what they were going to do. And in fact, to the extent that they did not contest it, or that they admitted it, they admitted it with no effect, because it was just them saying, well, here's what we're going to do, and then they did something different anyway. The idea that the United States did not have to try count one after Mr. Sheehan indicated in opening that the defense would not instruct it on count one. The jury was told what was in count one. I don't believe they were given the indictment. That's the practice in this district now. But they knew what count one was, and they understood and were told by the judge that we had the burden of proof on count one, and that we had to prove count one beyond a reasonable doubt. And the fact that Mr. Sheehan had said he doesn't contest it did not change that at all. So we still had the burden of proof, and we sustained the burden of proof on count one. And the two-level reduction is not really contemplated for a person who puts the government to its proof by the terms really of the application note two. Let me ask you this. I take your points. And this is another line of questioning. That's something else. We have, there are at least two other circuits that have held that it is error for a district court to treat a defendant who goes to trial as categorically ineligible for acceptance of responsibility credit. Here's the Third Circuit's case in U.S.C. Rod Regarest. There's a Ninth Circuit's case in the United States versus Cantrell. Is this something that we need to be concerned with here at all? Well, I don't, I mean, this is just me talking here, but I don't really think a categorical exclusion like that would be appropriate. I think that it's left currently in this circuit to the discretion of the district court, and I think that's really where it belongs. One can imagine any number of scenarios where a defendant has done something other than fully admit the offense conduct and fully accept responsibility, but because of other extenuating circumstances like conduct after he was arrested or other matters that perhaps I can't even imagine that there might be a situation where he put the government to its proof and went to trial and yet was worthy in the sound discretion of the trial judge of receiving the two-level reduction. I don't think this is such a case, though, because, again, as I've said about the statements made by the attorneys, they just don't do it. The other two statements that the defense relies on is one that the defendant made at the probation interview after the verdict had been returned, and all that he did was admit basically the language of the indictment under which he was of what the jury had already found him guilty of. He did not give any indication at all about the duration of the conspiracy, other co-conspirators, his role in the offense, and most importantly, as Mr. O'Reilly was alluding to, the quantity of heroin that was involved, and it's significant, I think, that the quantity of heroin was litigated extensively at the sentencing, as were the other matters. I think that the government or the defense argued for a lower base level based on their view of the amount of heroin that's involved. Mr. Blake admitted to probation 100 grams. That's the statutory minimum threshold for the five-year mandatory to which he then became exposed. Mr. O'Reilly argued at sentencing for something like 550 to 600 grams of heroin. The judge ended up calculating that it was more than a kilogram of heroin, but this issue was hotly contested at the sentencing, as were the issues of whether or not there was criminal livelihood. That was one we asked for and was denied by Judge Arderton. Whether there should be a role enhancement, which is one we asked for, which was denied by Judge Arderton. We also very significantly had asked for a cross-reference to the murder guidelines because we felt that Mr. Blake should be held responsible for the acquitted conduct in counts two through seven, but she denied that one as well. I think that when you have, setting aside the murder issues, when you have that many contested of the offense, except the statutory language of the charge that he was found guilty of, I don't see how that can be considered to be acceptance of responsibility standing by itself. The other thing that they would point to, I think, is that at the sentencing, Mr. Blake did address the court, and he did indicate that he was sorry for any people who had been hurt by what he did, and he made an allusion to there being drugs sold. But once again, there was nothing in his statement which went to the duration of the offense, the number of people involved, who they were, what his role was, or what kind of quantity of heroin we were talking about. The issues that have to do with what he actually did were simply not addressed by the defendant after the trial, during the trial, or before the trial. Under that circumstance, it does not seem appropriate that he should be given the two-level reduction for acceptance of responsibility. Does anybody have any questions for me? I have no questions. Well, I appreciate your time. I'm sorry that I had my mute button on at the beginning. I'll be applying it again in a minute, but before I do, I just want to say that I think that, on the record, before the court, as was the case on the record before the district court, I think that the denial of the two levels for acceptance of responsibility was well within the discretion of the district court, and it should be affirmed. Thank you. Thank you. Mr. O'Reilly, you have three minutes. Thank you, Your Honor. I would just point out to begin, when the government asked for the cross reference because it held that the government hadn't proved its case by a preponderance of the evidence. We had made other constitutional arguments, but that's the threshold, and the court said the government didn't even meet that lower standard of preponderance. As far as the cross examination of Mr. Roseborough, we weren't contesting the drug conspiracy at all there. What we were doing is, one, is setting up for attacking the credibility of Mr. Trotter, who was the primary witness on the murder case. I think we asked some questions regarding the duration of his involvement with Mr. Blake, and that was only because he had stated that he had sold a certain amount of heroin to him on a certain amount of occasions, but we certainly didn't contest the fact that he had sold him heroin. The issue as far as the district court, the court held that the reason that she did not find the two levels for acceptance relied primarily on the fact that he did not acknowledge acceptance prior to the beginning of trial. The application note addresses that issue as well, and it modifies that language by the word primarily. Therefore, that would suggest that there are other circumstances in which acceptance could be granted, and I think this is one of those extraordinarily rare circumstances where Mr. Blake was charged with murder, which would have resulted in a life sentence without release, and he was faced with the decision of how to best defend himself against that type of onerous charge. So, it wasn't as if he could have easily pled guilty to the drug conspiracy and not contested the murder charges. So, for all of those reasons, I think it is clearly erroneous on the district court's part that she had abused her discretion, and Mr. Blake should have been awarded the two levels for acceptance. Thank you. Thank you, Your Honors. Thank you both. Thank you both for your good arguments. The court will reserve decision. The clerk will adjourn court. Court stands adjourned.